# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RANDALL WALLACE HANCOCK,

    PETITIONER,

V.

JOAN FABIAN, COMMISSIONER OF CORRECTIONS

    RESPONDENT.

CIVIL NO. 09-1633 (PJS/AJB)

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1]. Petitioner Randall Wallace Hancock is a prisoner confined at the Lino Lakes Correctional Facility in Lino Lakes, Minnesota, as the result of a conviction and sentencing in Ramsey County District Court. Hancock pleaded guilty to committing criminal sexual conduct in the first degree, in violation of Minn. Stat. § 609.342, subd. 1(b), and was sentenced to a prison term of 134 months. The action has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and D. Minn. LR 72.2(b).

Hancock alleges four grounds for relief in his petition: (1) abuse of discretion by the sentencing judge; (2) prosecutorial misconduct; (3) ineffective assistance of trial

counsel; and (4) ineffective assistance of appellate counsel. (Pet.'s Mem., June 26, 2009.) Respondent opposes this section 2254 action, asserting that Hancock procedurally defaulted on his claim and has not raised claims that provide habeas corpus relief. (Resp't Mem., July 29, 2009.) For the reasons stated below it is recommended that the petition [Docket No. 1] be **DENIED**, and this action be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND AND CLAIMS

Hancock pleaded guilty to first-degree criminal sexual conduct for having "nonconsensual sexual intercourse on multiple occasions with his former girlfriend's daughter, . . . from the time she was 13 years old until she was 16." *State v. Hancock*, No. A05-963, 2006 WL 1604078, *1 (Minn. App. June 13, 2006), *review denied* (Minn. Aug. 15, 2006). The plea agreement stated: "Plead as charged (1998 guidelines apply); 24 mo. durational departure downward from guideline sentence; sentence to run concurrent w/ any previously imposed sentence." (Pet. To Enter Plea of Guilty ¶ 20, Dec. 28, 2004.) Hancock's presumptive sentence was 158 months, with a guideline range of 153 to 163 months. (Sent. Worksheet, Feb. 3, 2005.) The presentence investigation report recited the plea agreement as: "The State agreed to 24 months off the 1998 Minnesota Sentencing Guidelines Presumptive Sentence." The presentence investigation report also provided two custody credit totals. It appears from the record that between the first time that Hancock had sexual intercourse with the victim and the date of his sentencing hearing Hancock was in custody intermittently for other, unrelated offenses. Thus, the first total—986 days—was for all of the time Hancock spent in custody since

the first time that Hancock had sexual intercourse with the victim.[1] The second total is stated as follows: "[A]s Ramsey County authorities did not become aware of this offense until approximately 1/26/04, when reported by the victim, it would appear that the defendant may only be entitled to custody credit beginning 1/26/04, or 145 days custody credit."

Hancock contends that the prosecutor submitted a "Motion in Support of Probation's Recommended Sentence," to the sentencing court, but did not file the motion with the court clerk. (Pet.'s Mem. 15-16, June 26, 2009.) In the motion the prosecutor requested the sentencing court apply the custody credit recommended by probation. Hancock further contends that his attorney did not receive the prosecutor's motion until the morning of the sentencing hearing. (*Id.* at 18-19.) Hancock contends the sentencing court entertained the prosecutor's motion. (*Id.* at 19-20.)

Subsequently, Hancock was sentenced to a prison term of 134 months. *Hancock*, 2006 WL 1604078, at *1. "The court reduced that sentence by 213 days because Hancock had been in custody at various times during the investigation of the offense . . . . The court computed the custody credit from January 26, 2004, the day on which the police obtained [the] report of Hancock's sexual offenses." *Id.*

Hancock appealed to the Minnesota Court of Appeals, arguing "that he is entitled to 1,054 days, calculated from the date on which [the victim] told her mother of her first pregnancy." *Id.* The Minnesota Court of Appeals affirmed Hancock's sentence,

---

[1] The copy of the presentence investigation report provided by Respondent has the number "986" crossed out and "1042" is handwritten beside it.

concluding he was only entitled to custody credit from January 26, 2004, onwards because that is the first point at which law enforcement had probable cause to believe that Hancock committed the offense. *Id.* *1-2. The court of appeals concluded the district court sentenced Hancock in accordance with the plea agreement and "[t]he fact that Hancock [was] actually entitled to less custody credit than he argued for does not convert the sentences into de facto consecutive sentences." *Id.* at *2. The Minnesota Supreme Court denied Hancock's petition for further review. *Id.*

Hancock filed a pro se petition for post-conviction relief, which was considered by the Minnesota Court of Appeals following denial by the state district court. *Hancock v. State*, No. A07-0177, 2008 WL 853296, *1 (Minn. App. April 1, 2008), *review denied* (Minn. July 15, 2008). Hancock argued that "he should be allowed to withdraw his guilty plea because the calculation of custody credit and the sentence imposed denied him the benefit of his bargain" and "in light of the allegedly improper sentence, he was denied the effective assistance of counsel because his defense attorney failed to seek the withdrawal of his guilty plea at the time of sentencing." *Id.* at *2. The Minnesota Court of Appeals concluded that his claims were simply restatements of his contention on direct appeal that his sentence was improper. *Id.* As such, the court of appeals concluded that, Hancock's claims were barred under *State v. Knaffla*, 243 N.W.2d 737 (1976), because his "argument regarding his sentence was previously decided . . . in [Hancock's] direct

appeal, and neither of the two exceptions to the *Knaffla* rule applies." *Id.* The Minnesota Supreme Court denied Hancock's petition for further review.[2] *Id.*

On June 6, 2009, Hancock petitioned this Court under 28 U.S.C. § 2254 for writ of habeas corpus. [Docket No. 1.] Hancock presents four arguments in support of his petition. First, Hancock contends that the sentencing court abused its discretion by failing to follow the plea agreement and considering matters outside of the record when it received the prosecutor's motion.[3] (Pl.'s Pet. 5, June 26, 2009.) Second, Hancock contends that there was prosecutorial misconduct when the prosecutor submitted her motion to the sentencing court without filing it with the clerk of court and in breach of the plea agreement. (*Id.*) Third, Hancock contends that there was ineffective assistance of trial counsel when his appointed counsel failed to object to the prosecutor's motion. (*Id.* at 6.) Finally, Hancock contends that there was ineffective assistance of appellate counsel when his appellate counsel did not raise the aforementioned claims within his direct appeal. (*Id.*)

Respondent filed an answer to Hancock's petition, arguing Hancock is not entitled to habeas relief for two reasons. First, Hancock is procedurally barred from bringing his

---

[2] There was a subsequent hearing regarding Hancock's sentence. While the parties disagree as to how to characterize this hearing, the parties agree that Hancock's prayer for relief was denied.

[3] Hancock contends that there are five claims. Beyond the four claims listed above, Hancock contends that he has a "breach of contract claim" because the sentencing court failed to follow the plea agreement. (Pet.'s Reply, 10-11, Aug. 27, 2009.) This Court does not discern a distinction between Hancock's "breach of contract" and "abuse of discretion" claims. Hancock characterizes his argument as "abuse of discretion" in his petition and then uses the term "breach of contract" in his memorandum. Both arguments represent Hancock's contention that the district court failed to apply the plea agreement.

federal claims before this Court because he failed to first present them in state court. (Resp't Answer 6, July 29, 2009.) Second, Hancock is not entitled to habeas relief because his claims turn on the interpretation of state law and are, therefore, not cognizable in a federal habeas proceeding. (*Id.* at 7.)

### III. ANALYSIS

A petitioner's claims in a habeas corpus action must be based on an alleged "violation the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732; *see Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir.1996) (en banc) (stating a prisoner cannot raise federal constitutional claims for the first time on petition for federal habeas corpus relief).

The federal nature of the claim must be "fairly presented" in state court by reference to "a specific federal constitutional right, particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). "[O]rdinarily, a state prisoner does

not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim, in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004).

Of Hancock's four claims, this Court will first address his abuse of discretion, prosecutorial misconduct, and ineffective assistance of trial counsel claims. Hancock brought a direct appeal to the Minnesota Court of Appeals and the Minnesota Supreme Court subsequently denied Hancock's petition for further review. *See O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732-33 (stating that under circumstances in which a state has a two-tiered appellate review system, comity requires that review be requested at both appellate levels before the claims may be presented in federal court). His sole argument on appeal was that he was "entitled to jail credit for time served before the complaint was filed based on the plea agreement and based on the fact that there was probable cause to charge appellant upon the discovery of the first pregnancy of the complainant." (Appellant's Br., A05-963, at i, Sept. 2, 2005.) Hancock's appellate brief in support of his direct appeal did not cite to federal law. Hancock made no reference to federal law in his petition for further review.

Hancock cited *State v. Olson*, 436 N.W.2d 92 (Minn. 1989) as a "[r]elevant [a]uthorit[y]" in his appellate brief but failed to note that *State v. Olson* was affirmed by the United States Supreme Court in *Minnesota v. Olson*, 495 U.S. 91, 110 S. Ct. 1684 (1990). (Appellant's Br., A05-963, at ii, Sept. 2, 2005.) The state's brief cited to *State v. Olson*, but only for the definition of probable cause. Likewise the Minnesota Court of

Appeal's decision quotes the definition of "probable cause" in *State v. Morales*, 532 N.W.2d 268, 270 (Minn. App. 1995), which in turn quoted *State v. Olson*, 436 N.W.2d at 94. *Hancock*, 2006 WL 1604078, at *1. In the state's brief and the court of appeals decision, *State v. Olson* is used for principles unrelated to Hancock's claims within his habeas petition to this Court. And Hancock did not make any argument based upon *State v. Olson* within his appellate brief. Thus, this Court concludes that Hancock failed to fairly present his federal abuse of discretion, prosecutorial misconduct, and ineffective assistance of trial counsel claims in state court.

When a petitioner has failed to fairly present federal constitutional claims in state court, the federal court must determine whether the state procedural rules would allow a hearing on the merits in a state court proceeding. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir.1997). If the state's procedural rules would preclude a hearing on the merits, the petitioner has procedurally defaulted and is likewise procedurally barred from obtaining federal habeas relief, unless cause and prejudice, or fundamental miscarriage of justice, can be demonstrated. *Id.* at 758. A claim that is procedurally defaulted under state law is barred from federal habeas review only if the state procedural rule is "firmly established" and "regularly followed." *Oxford v. Delo*, 59 F.3d 741, 744 (8th Cir. 1995).

Under Minnesota law, "[o]nce a [defendant] has taken a direct appeal, all claims raised in the direct appeal as well as 'all claims known but not raised' at the time of the direct appeal are barred from consideration in any subsequent petitions for post-conviction relief." *Cooper v. State*, 745 N.W.2d 188, 190 (Minn. 2008) (quoting *Knaffla*, 243 N.W.2d at 741). The *Knaffla* rule has been in place for over 30 years and is codified

in Minn. Stat. § 590.01, subd. 1. *See* 9 *Minn. Prac.*, Criminal Law and Procedure § 39.1 (3rd ed.) (stating *Knaffla* rule is "frequently and strictly applied to deny relief in post conviction proceedings).

There is no evidence that Hancock's habeas claims of abuse of discretion, prosecutorial misconduct, and ineffective assistance of trial counsel were unknown, or so novel that their legal basis was unknown at the time of his direct appeal. In his appellate brief from the denial of his petition for post-conviction relief, he argued:

> (1) he should be allowed to withdraw his plea because the calculation of custody credit and the sentence imposed denied him the benefit of his bargain; (2) in light of the allegedly improper sentence, he was denied the effective assistance of counsel because his attorney failed to seek the withdrawal of his guilty plea at the time of sentencing.

In furtherance of these arguments, Hancock cited the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as well as the Federal Rules of Criminal Procedure and *Cuyler v. Sullivan*, 446 U.S. at 344. ((App.'s Br., A07-177, at 8, 14, 15 (Apr. 26, 2007). But, the Minnesota Court of Appeals did not address Hancock's claims or his federal citations because it concluded that Hancock's arguments were *Knaffla* barred. Had Hancock wanted to raise these issues, it was incumbent upon him to do so on direct appeal. Thus, this Court can definitively conclude that the state's procedural rules preclude a hearing on the merits because the state appellate court stated that his claims were barred from further review. As a result, this Court concludes that Hancock has procedurally defaulted on his claims of abuse of discretion, prosecutorial misconduct, and ineffective assistance of trial counsel.

Turning to Hancock's ineffective assistance of appellate counsel claim, "[c]laims of ineffective assistance of appellate counsel on direct appeal are not barred by the *Knaffla* rule in a first postconviction appeal because they could not have been brought at any earlier time." *Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007). Thus, it was incumbent upon Hancock to raise his claim of ineffective assistance of appellate counsel during his petition for post-conviction relief. Although Hancock cited to federal law within his petition for post-conviction relief, he did not do so in relation to an ineffective-assistance of *appellate* counsel claim. "To avoid a procedural default, the habeas Petitioner must fairly present his claim to the state court, that is, he must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'" *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996) (quoting *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir.1994)). While Hancock argued ineffective assistance of trial counsel in his petition for post-conviction relief, he did not argue ineffective assistance of appellate counsel. As a result, this Court cannot conclude that he "fairly presented" this federal claim in state court. Furthermore, there is no evidence that this claim was unknown, or so novel that its legal basis was unknown at the time of his petition for post-conviction relief. This Court concludes that the state's procedural rules would preclude a hearing on the merits on this issue because Hancock failed to raise it within his petition for post-conviction relief. As a result, this Court concludes that Hancock has procedurally defaulted on this claim.

Although the state court procedural bar is "nearly absolute," a petitioner can avoid the bar if he "demonstrate[s] cause for the default *and* actual prejudice as a result of the

alleged violation of federal law," or shows his actual innocence. *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir.2002) (quotation omitted) (emphasis added). In his reply memorandum to this Court, Hancock merely states that his "memorandum in support of the petition will explain in full detail . . . all demonstrated prejudice." (Pet.'s Reply 12, Aug. 27, 2009.) While Hancock may allege prejudice, he offers no explanation or cause for not alleging his abuse of discretion, prosecutorial misconduct, and ineffective assistance of trial counsel claims on direct appeal or alleging his ineffective assistance of appellate counsel within his petition for post-conviction relief. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (stating that the issue of prejudice need not be considered where petitioner has failed to show cause). Nor does Hancock contend that he was actually innocent of the offense. *See McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470 (1991) (stating that federal habeas review is available in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime"); *see also McCall*, 114 F.3d at *758* (stating that a claim of innocence in a habeas corpus petition is unpersuasive where there is a guilty plea). Having failed to demonstrate cause for default or contest his innocence, this Court must conclude that Hancock's petition for writ of habeas corpus does not fall within an exception to the state court procedural bar.

The state argues in the alternative that Hancock is ineligible for habeas relief because his claims rely on the interpretation and application of state law. The interpretation and application of state law is not subject to habeas corpus review "[b]ecause federal habeas corpus relief does not lie for errors of state law." *Lewis v.*

*Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3094 (1990). This Court does not need to reach the state's argument that Hancock's arguments actually rely on the interpretation and application of state law because, even assuming Hancock's claims are federal claims, this Court concludes that his claims are procedurally barred.

But, without deciding the issue, this Court notes that it is doubtful that Hancock's claims could provide him habeas corpus relief because they seem to rely on the interpretation and application of state law. Hancock's abuse of discretion and prosecutorial misconduct claims would seem to require this Court interpret the plea agreement, and consider how custody credit is calculated and the application of concurrent sentences under Minnesota law. "Issues involving the interpretation and enforcement of plea agreements . . . are issues of law . . . ." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008). The Minnesota Rules of Criminal Procedure provides for the calculation and award of custody credit. *See* Minn. R. Crim. P. 27.03; *see also Johnson*, 744 N.W.2d at 379 (stating the interpretation of both Minnesota Rules of Criminal Procedure presents a question of law). And whether a sentence is concurrent or consecutive is governed by the Minnesota Sentencing Guidelines. *See* Minn. Sentencing Guidelines IIF (1998); *see also Johnson*, 744 N.W.2d at 379 (stating the interpretation of both Minnesota Sentencing Guidelines presents a question of law); *see also McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (noting that a challenge to the application of the Minnesota Sentencing Guidelines is a state law claim and barred from federal habeas corpus review).

Likewise, whether trial counsel and appellate counsel were ineffective requires an inquiry under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65 (1984). *See Chambers v. State*, 769 N.W.2d 762, 764 (Minn. 2009) (applying *Strickland* to trial counsel); *Williams v. State*, 764 N.W.2d 21, 29-30 (Minn. 2009) (applying *Strickland* to appellate counsel). Under the *Strickland* analysis, this Court would ultimately need to decide whether Hancock was sentenced in accordance with the plea agreement because this Court must consider whether the outcome would have been different but for the errors of counsel. Again, this analysis would seem to require this Court interpret the plea agreement, and consider how custody credit is calculated and the application of concurrent sentences under Minnesota law. Thus, although this Court does not decide this issue, it is doubtful whether Hancock's claims could provide him with habeas relief because they seem to rely on the interpretation and application of state law.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Hancock's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Docket No. 1] be **DENIED,** and this action be **DISMISSED WITH PREJUDICE**.

Dated: 10/27/2009

  s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 10, 2009.